UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America

v.

Michael Carroll, and
Michael Pappagallo,

      *Defendants.*

Protective Order

19 Cr. 545 (CM)



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/28/19

  Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendants having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

  1. **Disclosure Material.** The Government will make disclosure to the defendants of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. §3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "disclosure material." The Government's disclosure material may include material that (i) affects the privacy, confidentiality and business interests of individuals and entities; (ii) would risk prejudicial pretrial publicity if publicly disseminated; and (iii) that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

  2. **Facilitation of Discovery.** The entry of a protective order in this case will permit the Government to produce expeditiously the disclosure material without further litigation or the need for extensive redaction. It will also afford the defendants prompt access to those materials, in unredacted form, which will facilitate the preparation of the defense.

3. **Good Cause.** There is good cause for entry of the protective order set forth herein.

**Accordingly it is hereby Ordered:**

4. Disclosure material shall not be disclosed by the defendants or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action or *Securities and Exchange Commission v. Carroll et al.*, 19 Civ. 7199 (AT) (the "SEC Case"). The defense shall not post any disclosure material on any Internet site or network site accessible to persons to whom disclosure materials may not be shared, and shall not disclose any disclosure material to the media or any third party except as set forth below.

5. Disclosure material may be disclosed by counsel to:

(a) Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action;

(b) Prospective witnesses for purposes of defending this action.

6. The Government may authorize, in writing, disclosure of disclosure material beyond that otherwise permitted by this Order without further Order of this Court.

7. This Order does not prevent the disclosure of any disclosure material in any hearing or trial held in this action, or in any filing submitted to any judge or magistrate judge, for purposes of this action. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

### Return or Destruction of Material

8. Except for disclosure material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all disclosure material.

including the ESI disclosure material, within 30 days of the expiration of the period for direct appeal from, or collateral attack on, any verdict in the above-captioned case or the SEC Case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later.

### Retention of Jurisdiction

9. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
United States Attorney

by: _____     Date: 8/27/19
Martin Bell / Daniel Tracer
Assistant United States Attorneys

_____ /MND     Date: August 26, 2019
William R. McLucas, Esq.
Peter G. Neiman, Esq.
Anjan Sahni, Esq.
Counsel for defendant Michael Carroll

_____          Date: _____
Gregory W. Kehoe, Esq.
Daniel P. Filor, Esq.
Robert A. Horowitz, Esq.
Counsel for defendant Michael Pappagallo

SO ORDERED:

Dated: New York, New York
       _____,2019

                                      _____
                                      THE HON. COLLEEN McMAHON
                                      CHIEF U.S. DISTRICT JUDGE

4

## Retention of Jurisdiction

9. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
United States Attorney

by: _____           Date: _____
    Martin Bell / Daniel Tracer
    Assistant United States Attorneys


_____               Date: _____
William R. McLucas, Esq.
Peter G. Neiman, Esq.
Anjan Sahni, Esq.
Counsel for defendant Michael Carroll

_____               Date: 8/26/19
Gregory W. Kehoe, Esq.
Daniel P. Filor, Esq.
Robert A. Horowitz, Esq.
Counsel for defendant Michael Pappagallo

SO ORDERED:

Dated: New York, New York
       August 28, 2019                  _____
                                        THE HON. COLLEEN McMAHON
                                        CHIEF U.S. DISTRICT JUDGE

4