UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

UNITED STATES OF AMERICA,

    -against-

MICHAEL CARROLL and
MICHAEL PAPPAGALLO,

    Defendants.

------------------------------------------------------------x

19 CR 545 (CM)

FILE UNDER SEAL Unsealed 11/5/19

DECISION AND ORDER ON DEFENDANT CARROLL'S MOTION FOR EARLY RETURN
OF RULE 17(c) SUBPOENAS AND FOR LEAVE TO PROCEED *EXPARTE*

McMahon, C.J.:

Michael Carroll is charged together with his codefendant Michael Pappagallo with conspiracy to commit various securities offenses, as well as actual substantive violations of securities law. The matter is in the pretrial motions stage—no trial date has been set.

Before the Court is an *ex part* motion filed by Carroll asking the Court to "so order" a series of Rule 17 subpoenas, made returnable pretrial, directed to: (1) Deloitte & Touche LLP; (2) Sullivan & Cromwell LLP; and (3) Brixmor Property Group Inc. Carroll says the subpoenas are targeted to address deficiencies in the Government's investigation. Carroll seeks:

- From Deloitte: the workpapers and analysis that led Deloitte, Brixmor's independent auditor, to conclude that the adjustments at issue were "inconsequential."

- From S&C: interview summaries, notes, and presentation materials created in connection with Brixmor's Audit Committee ("Audit Committee") review, as well as materials presented to the government and SEC.

- From Brixmor: a full set of his communications and calendar entries, certain materials that Brixmor's Board of Directors ("Board") used in deciding Mr. Carrol and other alleged coconspirators should separate from the Company, and

1

communications between Brixmor's Investor Relations department and market analysts who followed Brixmor.

Carroll contends that this information is critical to his defenses (1) that he did not possess the required *mens rea* to commit the charged crimes, and (2) that, in any event, none of the alleged accounting misrepresentations would have been "material" to investors, and therefore could not have violate securities law.

Rule 17 Subpoenas

Rule 17 was not "intended to provide a means of discovery for criminal cases." *See United States v. Nixon*, 418 U.S. 683, 698 (1974). Rule 17 does not broaden the limited discovery available in criminal cases; rather, the purpose of Rule 17 is to avoid unnecessary delay at trial by providing a mechanism for pre-trial production and inspection of certain material. *See Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951). Defendants may not seek material under Rule 17 that they are prohibited from obtaining under Rule 16. *See, e.g., United States v. Cherry*, 876 F.Supp. 547, 552 (S.D.N.Y.1995). Courts should quash or modify subpoenas when compliance would be "unreasonable or oppressive." Fed.R.Crim.P. 17(c) (2).

In order to obtain documents prior to trial, the party making the request must Demonstrate that:

(1)   the documents sought are evidentiary and relevant;

(2)   the materials are not otherwise procurable in advance of trial by the exercise of due diligence;

(3)   the party seeking documents cannot properly prepare for trial without such production and inspection in advance of trial and the failure to obtain such inspection may tend unreasonably to delay the trial; and

2

>    (4)   the application is made in good faith and is not intended as a general fishing expedition.

*United States v. Nixon*, 418 U.S. at 699-700 (citation omitted); *accord Bowman Dairy*, 341 U.S. at 219-22. The proponent of the subpoena must establish the relevancy and admissibility of the records sought and specify the documents with reasonable particularity. *Id.* at 700 (emphasis added). This strict standard is applicable both to subpoenas of government agencies and employees as well as those of non-party, non-governmental entities and individuals. *See United States v. Ferguson*, 06-CV-137 (CFD), 2007 WL 2815068, at *3 (D.Conn. Sept. 26, 2007).

While defendant has made a showing that the information sought may be relevant to his defense, the Court is not at all satisfied that he has met the balance of the *Nixon* factors; specifically, whether the material sought is otherwise procurable through Rule 16 or other rules governing discovery in criminal cases. If defendant wishes to pursue his subpoena requests, he must provide the Government with a copy of his motion forthwith, so that both parties are prepared to discuss the matter at the pretrial conference scheduled for tomorrow afternoon. The Court notes that there is no danger of revealing defense strategy by requiring these subpoena requests to be on notice to the Government; defendant has, no doubt, been seeking these materials from Government since the inception of the case. It will also come as no surprise to the Government that defendant will argue at trial that he lacked the requisite state of mind to commit the charged offenses and that, in any event, the alleged false statements were not material to investors—both staple defenses in securities cases.

Accordingly, defendant may pursue his subpoena requests on notice to the Government. This decision will be filed under sealed, and only unsealed if, and when, defendant serves his motion on the Government.

This constitutes the decision and order of the Court.

November 4, 2019

*[signature]*

Colleen McMahon
Chief Judge


BY ELECTRONIC MAIL TO:

Wilmer Cutler Pickering Hale and Dorr LLP
michelle.diamond@wilmerhale.com,
brenda.lee@wilmerhale.com,
william.mclucas@wilmerhale.com,
Peter.Neiman@wilmerhale.com,
anjan.sahni@wilmerhale.com,