# EXHIBIT D

AO 89B  (07/16)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| United States of America | ) |
|---|---|
| v. | ) |
| Michael Carroll, et al. | )  Case No. 19 Cr. 545 (CM) |
|  | ) |
| *Defendant* | ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS IN A CRIMINAL CASE**

To:  PricewaterhouseCoopers LLP

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following books, papers, documents, data, or other objects:

See attached rider

| Place: Greenberg Traurig LLP<br>200 Park Ave<br>New York, NY 10166 | Date and Time: 12/06/2019 9:00 am |
|---|---|

Certain provisions of Fed. R. Crim. P. 17 are attached, including Rule 17(c)(2), relating to your ability to file a motion to quash or modify the subpoena; Rule 17(d) and (e), which govern service of subpoenas; and Rule 17(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

(SEAL)

Date: _____

*CLERK OF COURT*

_____
*Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*  Michael Pappagallo
Gregory Kehoe, Greenberg Traurig LLP, 200 Park Ave., New York, NY 10166;         , who requests this subpoena, are:

Email: KehoeG@gtlaw.com; Telephone: 212-801-9200

**Notice to those who use this form to request a subpoena**

Before requesting and serving a subpoena pursuant to Fed. R. Crim. P. 17(c), the party seeking the subpoena is advised to consult the rules of practice of the court in which the criminal proceeding is pending to determine whether any local rules or orders establish requirements in connection with the issuance of such a subpoena. If no local rules or orders govern practice under Rule 17(c), counsel should ask the assigned judge whether the court regulates practice under Rule 17(c) to 1) require prior judicial approval for the issuance of the subpoena, either on notice or ex parte; 2) specify where the documents must be returned (e.g., to the court clerk, the chambers of the assigned judge, or counsel's office); and 3) require that counsel who receives produced documents provide them to opposing counsel absent a disclosure obligation under Fed. R. Crim. P. 16.

Please note that Rule 17(c) (attached) provides that a subpoena for the production of certain information about a victim may not be issued unless first approved by separate court order.

AO 89B  (07/16)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case  (Page 2)

Case No.  19 Cr. 545 (CM)

## PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 89B  (07/16)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case (Page 3)

## Federal Rule of Criminal Procedure 17 (c), (d), (e), and (g) (Effective 12/1/08)

**(c) Producing Documents and Objects.**

    **(1) In General.** A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

    **(2) Quashing or Modifying the Subpoena.** On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

    **(3) Subpoena for Personal or Confidential Information About a Victim.** After a complaint, indictment, or information is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order. Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object.

**(d) Service.** A marshal, a deputy marshal, or any nonparty who is at least 18 years old may serve a subpoena. The server must deliver a copy of the subpoena to the witness and must tender to the witness one day's witness-attendance fee and the legal mileage allowance. The server need not tender the attendance fee or mileage allowance when the United States, a federal officer, or a federal agency has requested the subpoena.

**(e) Place of Service.**

    **(1) In the United States.** A subpoena requiring a witness to attend a hearing or trial may be served at any place within the United States.

    **(2) In a Foreign Country.** If the witness is in a foreign country, 28 U.S.C. § 1783 governs the subpoena's service.

**(g) Contempt.** The court (other than a magistrate judge) may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by a federal court in that district. A magistrate judge may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by that magistrate judge as provided in 28 U.S.C. § 636(e).

## Rider

### Definitions

A. "2617 Account" means the account in Brixmor's general ledger bearing the account number 2617 and any sub-accounts.

B. "Brixmor" means Brixmor Property Group Inc. and its employees, representatives, and senior management, as well as any related entities and wholly owned subsidiaries.

C. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise), including but not limited to phone records, emails, letters, memoranda, facsimiles, or other writings.

D. "Document" means documents or electronically stored information, including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained in a reasonably usable form. A draft or non-identical copy is a separate document within the meaning of this term.

E. "LSI Account" means the account in Brixmor's general ledger bearing the name Lease Settlement Income, LSI or similar nomenclature.

F. The following rules of construction apply to all document requests: (i) "all"/"any"/"each" shall be construed as encompassing any and all; (ii) "and"/ "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope; and (iii) the use of the singular form of any word includes the plural and vice versa.

### Instructions

A. The relevant period for this request is January 1, 2012 through December 31, 2016.

B. This request is to be deemed a continuing request and documents that are responsive, but which are discovered subsequent to an initial production, should nevertheless be promptly produced in the same manner, and at the same address, as the initial production.

C. Unless otherwise agreed, all documents shall be produced in their native electronic format or as single page TIFF images together with standard load files (indicating the beginning and ending of each document and any attachments), all relevant metadata including, but not limited to: to, from, cc, bcc, subject, sent date, modified date, sent time, modified time, document date, creation date, native file path, native file name, and file type. Spreadsheets and databases shall always be produced in native format when available.

D. If any document called for by this request is withheld under a claim or privilege, furnish a list in accordance with Local Civil Rule 26.2(a), setting forth for each such document: (i) the nature of the privilege that is being claimed; (ii) the type of the document (e.g., letter, memo, handwritten notes); (iii) the general subject matter of the document; (iv) the date of the document; and (v) such other information as is sufficient to identify the document, including, where appropriate, the author of the document, the addressee of the document, and, where not apparent, the relationship of the author and addressee to each other.

E. If any document requested was, but no longer is, within your possession, custody, or control, please state in detail: (i) the author(s), sender(s), recipient(s) and copyee(s) of the document; (ii) a summary of the contents of the document; (iii) what disposition was made of such document; (iv) the date of such disposition; (v) whether the original or a copy thereof is within the possession, custody or control of any other person; and (vi) if the answer to (v) is affirmative, the identity of such person.

<u>Documents Requested</u>

Please produce the following:

1. Documents reflecting the internal control framework, testing, and procedures concerning the 2617 Account and the LSI Account.